IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHIL OTIS CROSS                                                             PLAINTIFF

v.                              Civil No. 05-4009

H.L. PHILLIPS, Sheriff, Miller
County, Arkansas; NURSE TERRY
PORTER; and JEFF BLACK, Warden
Miller County Correctional Center                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Phil Otis Cross brings this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. Before the undersigned for report and recommendation is the motion to dismiss filed by the defendants (Doc. 27).

## DISCUSSION

By order entered on August 4, 2005 (Doc. 26), the court granted the defendants' motion to compel. Plaintiff was directed to provide the defendants with discovery responses by August 26, 2005.

On September 12, 2005, the defendants filed a motion to dismiss (Doc. 27). Defendants indicate plaintiff failed to comply with the court's order. They ask that the complaint be dismissed without prejudice based on the plaintiff's failure to comply with the court's order.

On October 4, 2005, plaintiff responded to the motion to dismiss (Doc. 28). He indicates he believed he had retained an attorney. Plaintiff submits his account trust statement showing he sent certain funds to an attorney. Plaintiff indicates the attorney retained the money and all his records but did not meet any of the plaintiff's deadlines. Plaintiff asks that the case not be dismissed and he be allowed to respond to the requests.

## CONCLUSION

I therefore recommend that defendants' motion to dismiss be denied. I further recommend that defendants be directed to provide the plaintiff with another copy of the discovery requests and that plaintiff be given a specific date by which he must respond to those requests.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2005.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE