IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHIL OTIS CROSS                                               PLAINTIFF

                 v.                  Civil No. 05-4009

H.L. PHILLIPS, Sheriff, Miller
County, Arkansas; NURSE TERRY
PORTER; and JEFF BLACK, Warden
Miller County Correctional Center                            DEFENDANTS

## **ORDER**

On March 14, 2006, the plaintiff filed a motion for jury trial and a motion requesting appointment of counsel (Doc. 41). Rule 38 of the Federal Rules of Civil Procedure states that "[t]he right of trial by jury as declared by the Seventh Amendment of the Constitutional or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). However, the right to jury trial is not automatic. A party must make a timely demand for a jury trial.

With respect to demands, Rule 38(b) provides as follows:

Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after commencement of the action and not later than 10 days after service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Fed. R. Civ. P. 38(b). The failure to serve the demand in the time specified by Rule 38 constitutes a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d).

Rule 7(a) defines pleadings to include the complaint, the answer, and when applicable, any third-party complaints, answers, and answers to cross-claims. Fed. R. Civ. P. 7(a).

-1-

AO72A
(Rev. 8/82)

Typically, the "last pleading directed to such issue" is the answer. *See e.g., Pacific Fisheries Corp. v. HIH Cas. & General Ins.*, 239 F.3d 1000, 1002 (9th Cir. 2001). *See also Washington v. New York City Board of Estimate*, 709 F.2d 792, 797-98 (2d Cir. 1983)(requirements of Rule 38 apply with the same force to a pro se litigant as they do to counsel).

The answer in this case was filed on April 18, 2005 (Doc. 17). Plaintiff's request for a jury was not filed until March 14, 2006 (Doc. 41). The request was filed in response to the court's order on February 22, 2006, in which defendants were directed to file a summary judgment motion by April 14, 2006 (Doc. 38). The request is denied as untimely.

Cross also requests the appointment of counsel. In *Mallard v. United States District Court*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915(e)(1) provides: "the court may request an attorney to represent any person unable to afford counsel."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(citation omitted). "Once indigent pro se litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." *Id.*

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. *Id.* "'Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability

AO72A
(Rev. 8/82)

of an indigent to present his claim; and the complexity of the legal issues.'" *Id.* (*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Plaintiff has filed his motion for appointed counsel because of the court's order directing defendants to file a summary judgment motion. In the same order, the court advised the plaintiff that it would assist him in responding to the motion by preparing a questionnaire for him to respond to. In addition to responding to the specific questions contained in the court's questionnaire, the plaintiff may provide the court with any other information or exhibits he wants the court to consider.

Thus far, plaintiff has been able to adequately set forth his claims. The documents filed by plaintiff have been understood by the court. From what is currently before the court, it appears the plaintiff will be able to adequately investigate and present his case.

The motion is denied.

IT IS SO ORDERED this 24th day of March 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)